In the Matter of ANONYMOUS, an Attorney, Respondent. ASSO-CIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, September 15, 1964.

*John G. Bonomi* for petitioner.

*Harry W. Turkel* for respondent.

*Per Curiam.* Respondent was admitted to practice in this Department in 1937. Petitioner, the Association of the Bar of the City of New York, alleges that respondent " has engaged in bizarre conduct contemptuous of the Court, inimical to the interest of his clients and prejudicial to the administration of justice ", and that respondent " may be suffering from a mental disability which renders him unfit to practice law." Petitioner asks " that such action be taken as justice may require including a determination by such means as it shall order whether respondent is presently suffering from a mental disability which renders him unfit to practice law."

The allegation of possible mental disability rests initially on statements made by respondent during court appearances in August and September, 1963 and reproduced verbatim in the petition. The statements are of a wild and incoherent character, and in one of such appearances respondent virtually accused his client of the criminal charge against which he was defending her. Respondent was thereafter admitted to a New York City hospital for treatment. Its staff reported that he appeared to be suffering from a manic depressive psychosis and recommended further treatment at a State institution. Respondent entered the institution and was released in January, 1964.

Respondent, by affidavit, admits making the criticized statements attributed to him, but asserts that they were unintentional and the result of a disturbed mental condition. Although stating that he is now in command of his mental faculties, he asks that he be suspended from practice for an indefinite period, with leave to apply for reinstatement. The reasons given are that he requires time to reassure himself of his fitness to practice law, and that, since he is almost destitute, he will be better able to defend against the charges at a subsequent time. A communication from the assistant director of an aftercare clinic of the State Department of Mental Hygiene indicates that respondent, though mentally ill, " is capable of making the decision of suspending himself from the practice of law until such a time as he can secure competent medical proof of his recovery from mental illness to the extent of practicing law again." An affidavit by respondent's attorney also expresses belief that respondent " is mentally capable at this time to make such a decision," and reports that respondent's wife " concurs in the wisdom of his decision and believes that her husband is now mentally capable of making such a decision."

We recently considered (in *Matter of Anonymous*, 21 A D 2d 48) the function of the court in dealing with a disciplinary proceeding prompted by conduct which may have been caused by mental disturbance. That function, we pointed out, " is not penal but protective " (p. 52) and accordingly, as more fully set forth at the conclusion of our opinion, the charges were held in abeyance and an indefinite suspension ordered, with leave to apply in the future for disposition of the charges and eventual reinstatement upon the furnishing of certain indicated proof. A similar disposition should be made in this proceeding.

BOTEIN, P. J., RABIN, McNALLY, EAGER and STEUER, JJ., concur.

Respondent suspended indefinitely.